LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
 *melanie.blunschi@lw.com*
Whitney B. Weber (Bar No. 281160)
 *whitney.weber@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Michele D. Johnson (Bar No. 198298)
 *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235

*Attorneys for Defendants Ultragenyx Pharmaceutical
Inc., Emil. D. Kakkis and Eric Crombez*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN BAILEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTRAGENYX PHARMACEUTICAL INC., EMIL D. KAKKIS, and ERIC CROMBEZ,<br><br>Defendants. | CASE NO.  3:26-cv-01097-JD<br><br>**UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULES 3-12 AND 7-11**<br><br><u>Potentially Related Case:</u><br><br>*Simutis v. Kakkis, et al.,*<br>Case No.  3:26-cv-01985-WHO (N.D. Cal.)<br><br><br>Judge: Hon. James Donato |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Defendants Ultragenyx Pharmaceutical Inc. ("Ultragenyx"), Emil D. Kakkis and Eric Crombez (together "Defendants"), submit this administrative motion, pursuant to Civil Local Rules 3-12(b) and 7-11(a), to consider whether *Simutis v. Kakkis, et al.*, No. 3:26-cv-01985-WHO (N.D. Cal.) ("*Simutis* Derivative Action"), another recently filed case involving the allegations violations of Section 10(b) of the Exchange Act against, among others, Defendants Ultragenyx, Kakkis, and Crombez should be related to *Bailey v. Ultragenyx Pharmaceutical Inc. et al.* ("*Bailey* Action"). The *Ultragenyx* Action was filed on February 4, 2026 (Dkt. 1) and is currently pending before the Honorable James Donato. The *Simutis* Derivative Action was filed on March 6, 2026 (*Simutis* Dkt. 1) and is currently pending before the Honorable William H. Orrick. Simutis did not identify his complaint as related to any other currently pending cases. Defendants file this motion to consider whether *Bailey* and *Simutis* "may be[] related." Civ. L.R. 3-12(a). Plaintiff's counsel, as well as counsel for the plaintiff in *Simutis*, have indicated they do not oppose this motion.

Pursuant to Civil Local Rule 3-12(a), actions are related when (1) they "concern substantially the same parties, property, transaction or event"; and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a).

Ultragenyx is named as a defendant in this action and as a nominal defendant in the *Simutis* Derivative Action, and Emil D. Kakkis and Eric Crombez are named as defendants in both actions. The *Simutis* Derivative Action is brought against current officers and directors of Ultragenyx and, like the *Bailey* Action, arises from Ultragenyx's stock decrease following its July 9, 2025 announcement that the Phase III Orbit study did not achieve statistical significance for its second interim analysis, and following its December 29, 2025 announcement that the Phase III Orbit and Cosmic studies had not achieved statistical significance against their primary endpoints. *Compare* Compl. ¶¶ 4-7, 45-51, 58-62, *with Simutis* Compl. ¶¶ 5-8, 137-139, 149-53.

The *Bailey* Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act. Compl. ¶¶ 97-112. The *Simutis* Derivative Action alleges several violations of state law, including breach of fiduciary duty, abuse of control, unjust enrichment, gross mismanagement, waste of corporate assets as well as violations of the federal securities laws relating in part to their exercise

of control over the business and corporate affairs of Ultragenyx given their positions as officers and/or directors. *See Simutis* Compl. ¶¶ 186-232. Given the overlap in parties and allegations, both actions raise similar legal, factual, and evidentiary issues. For example, both actions will likely require the Court to address, among other things, whether the plaintiffs adequately allege that certain statements were materially false and misleading when made, and whether those statements were made by defendants with an intent to defraud. *Compare* Compl. ¶¶ 26-43, *with Simutis* Compl. ¶¶ 79-81, 94-119, 131-35 (challenging substantially the same statements made in publicly filed press releases and on earnings calls). Both actions also challenge key actions by Ultragenyx executives, including that Kakkis and Crombez were responsible for certain challenged statements. If the cases survive motions to dismiss, there is likely to be substantial overlap in other legal and factual matters. As such, conducting these cases before different judges in this District would likely result in an unduly burdensome duplication of labor and expense for the parties involved in each action, as well as the Court, and could also create the potential for conflicting results.

Dated: March 31, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Melanie M. Blunschi*
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Whitney B. Weber (Bar No. 281160)
 whitney.weber@lw.com
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Michele D. Johnson (Bar No. 198298)
 michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235

*Attorneys for Defendants Ultragenyx Pharmaceutical Inc., Emil. D. Kakkis and Eric Crombez*