Adam M. Apton (SBN 316506)
**LEVI & KORSINSKY, LLP**
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Lead Plaintiff Movant Jim Haw*
*and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BAILEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTRAGENYX PHARMACEUTICAL INC., EMIL D. KAKKIS, and ERIC CROMBEZ,<br><br>Defendants. | Case No. 3:26-cv-01097-JD<br><br>**JIM HAW'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:        May 14, 2026<br>Time:        11:00 a.m.<br>Courtroom:   11-19th Floor<br>Judge:       Hon. James Donato |

## I.     PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities Act of 1933 (the "Securities Act"). It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B). Under that directive, Jim Haw is the "most adequate plaintiff" because he is the movant with the largest financial interest and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

As the following table demonstrates, Mr. Haw possesses the "largest financial interest" out of all the various movants for lead plaintiff:

| Movant | Claimed Losses |
| --- | --- |
| Jim Haw | $24,505.82 |
| Sreenadha Vattam | $23,028.00 |
| Jay Arthurs | $10,575.81 |

*See* ECF Nos. 16-3; 19-4; and 22-3.

Having lost nearly $25,000 on his Ultragenyx Pharmaceutical Inc. ("Ultragenyx") investment, there is no dispute that Mr. Haw holds the "largest financial interest" in the actions. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Mr. Haw has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). He is typical of the other class members insofar as he acquired Ultragenyx common stock during the Class Period and was damaged as a result. Mr. Haw does not have any interests adverse to the class and, as demonstrated in the declaration accompanying his motion, he is ideally suited to serve as the lead plaintiff given his 30-year history of investing in the stock market. *See* ECF No. 16-5.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Mr. Haw is entitled to the presumption of "most adequate

plaintiff." 15 U.S.C. § 78u-4(a)(3)(B). The other movants cannot rebut this presumption with proof of atypicality or inadequacy. Therefore, Mr. Haw should be appointed as the lead plaintiff.

## II.   ARGUMENT

### A.   The PSLRA Process for Selecting a Lead Plaintiff

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest that satisfies Rule 23 is the "presumptive lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id.*

### B.   Mr. Haw Is the "Most Adequate" Lead Plaintiff.

#### 1.   *Mr. Haw Possesses the "Largest Financial Interest."*

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff

is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Haw is entitled to that presumption because, relative to the other movants, Mr. Haw sustained a greater loss.

Courts in this circuit consider approximate loss suffered as the most important factor. *See Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("courts consider [...] the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss"); Here, Mr. Haw is the movant with the greatest loss as illustrated below:

| Movant | Claimed Losses |
|---|---|
| Jim Haw | $24,505.82 |
| Sreenadha Vattam | $23,028.00 |
| Jay Arthurs | $10,575.81 |

*See* ECF Nos. 16-3; 19-4; and 22-3.

Mr. Haw lost nearly $1,500 more than the next closest movant. Courts in this Circuit have concluded that any financial difference is meaningful in determining a lead plaintiff. *See, e.g.*, *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) ("Neither has the Court found persuasive authority, nor have the parties provided any to the Court, suggesting that the Court should not determine that a plaintiff has largest financial share when its lead is small. To the contrary, courts in this circuit have concluded that any financial difference is meaningful in determining a lead plaintiff."); *Hall v. Medicis Pharm. Corp.,* No. CV-08-1821-PHX-GMS, 2009 U.S. Dist. LEXIS 24093, at *19 (D. Ariz. Mar. 10, 2009) ("[T]he Court cannot rely on the fact that the difference between Steamfitters and Rand is only a few hundred dollars. Rand has a greater financial stake in the controversy, however minute that greater stake may be in relation to the overall damage claim."); *Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004) ("Although the Massachusetts Group concludes that the 'de minimus' difference of $26,000 should not be conclusive on the financial interest determination, the Ninth Circuit has given no indication that courts are free to ignore the statutory presumption given to the plaintiff with the "largest financial interest in the relief sought by the class.").

Thus, Mr. Haw has the largest financial interest compared to the other movants.

Movant Sreenadha Vattam and his counsel at Pomerantz LLP may argue that "approximate loss suffered" should not be outcome determinative in light of the number of shares purchased and retained by Mr. Vattam. These other factors—referred to as *Lax* factors—do not outweigh Mr. Haw's larger recoverable loss. *See Melucci v. Corcept Therapeutics, Inc.*, No. 19-CV-01372-LHK, 2019 U.S. Dist. LEXIS 173932, at *8-10 (N.D. Cal. Oct. 7, 2019) (favoring "approximate losses suffered" in "*Lax-Olsten* test" analysis). "[T]he net shares purchased analysis has limited usefulness here, where disclosures are made gradually and have multiple market impacts on share price. Indeed, courts have recognized this limitation and explained that a measure of net shares purchased and a retained shares calculation are less useful analytical tools where gradual disclosures are involved, because those methods assume a constant fraud premium throughout the class period." *Id*. at *9-10 (internal citations and quotations omitted). The complaint currently before the Court contains partial disclosures, meaning that a "constant fraud premium" does not exist; indeed, the complaint identifies corrective disclosures on July 9, 2025 and December 29, 2025 each resulting in substantial declines in the price of Ultragenyx's common stock. *See*, *e.g.*, ECF No. 1 at ¶¶4-5, 7-8. Consequently, Mr. Haw's "approximate loss suffered" remains the best indicator as to which movant has the "largest financial interest" in the Action. *See Khan v. Chargepoint Holdings, Inc.*, No. 23-cv-06172-PCP, 2024 U.S. Dist. LEXIS 88645, at *9-10 (N.D. Cal. May 16, 2024) ("Because this case involves gradual disclosures that undermine the likelihood of a constant fraud premium throughout the class period, the Court will use the net losses approach to calculate the movants' financial interests."); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 U.S. Dist. LEXIS 29876, *20, at *20 (N.D. Cal. Mar. 4, 2013) (looking to LIFO loss estimate rather than net shares method where multiple partial disclosures varied "fraud premium" throughout the class period); *In re Network Associates, Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) (acknowledging that the net shares approach is less accurate in situations where "the amount of the 'fraud premium' varied over the course of the class period").

### 2.    *Mr. Haw Satisfies Rule 23's Typicality and Adequacy Requirements.*

Not only does Mr. Haw possess the largest financial interest of all movants pursuant to the

PSLRA, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari*, 225 F.R.D. 599, 606 (internal quotations removed). Mr. Haw's claims are typical of those of other Class members because, like other Class members, he acquired Ultragenyx common stock during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Mr. Haw's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Haw must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Haw has no conflicts with other Class Members, nor is there evidence of any antagonism between Mr. Haw's interest and those of the Class.

Finally, Mr. Haw has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Mr. Haw provided his investing experience, employment, and education. *See* ECF No. 16-5. Mr. Haw lives in Flagstaff, Arizona, and possesses a Ph.D. in Chemistry. *Id* . He is currently retired, but prior to that was a professor of chemistry and environmental studies at the University of Southern California. *Id*. He has been investing in the stock market for 30 years. *Id*. Further, in his certification and declaration, Mr. Haw states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 16-2; 16-5 (PSLRA Certification & Mr. Haw's Declaration).

Mr. Haw, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Haw is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**C.      No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Haw as Lead Plaintiff.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the action, and sufficiently making a *prima facie* showing of typicality and adequacy, Mr. Haw has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Mr. Haw, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mr. Haw's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mr. Haw "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Mr. Haw is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense).

## III.      LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL

This Court should approve Mr. Haw's selection of Levi & Korsinsky as Lead Counsel. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky as lead counsel in securities class action lawsuits. *See* ECF No. 16-6. With approximately 35 attorneys across five different offices, including an office in this district, Levi & Korsinsky stands ready, willing and able to prosecute this case. *Id.*

## IV.      CONCLUSION

For the foregoing reasons, Mr. Haw respectfully requests that this Court: (1) appoint Mr. Haw as Lead Plaintiff for the Class in the Action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: April 20, 2026                    Respectfully submitted,

                                         **LEVI & KORSINSKY, LLP**


                                         /s/ Adam M. Apton
                                         Adam M. Apton (SBN 316506)
                                         1160 Battery Street East, Suite 100
                                         San Francisco, CA 94111
                                         Tel: (415) 373-1671
                                         Email: aapton@zlk.com

                                         *Attorneys for Jim Haw, and Proposed Lead Counsel for the Class*